```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

Citizens for a Strong
New Hampshire, Inc.

    v.                                    Civil No. 14-cv-487-LM
                                          Opinion No. 2016 DNH 169
Internal Revenue Service


**O R D E R**

    This case began when Citizens for a Strong New Hampshire, Inc. ("Citizens") filed a complaint against the Internal Revenue Service ("IRS") to challenge the IRS's response to a request it had made under the federal Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The case proceeded to a second round of summary judgment practice, but the litigation of substantive issues ended when plaintiff informed the court that it did not object to defendant's second motion for summary judgment. Before the court is plaintiff's motion for attorneys' fees and costs. Defendant objects. For the reasons that follow, plaintiff's motion is denied.

### I. The Legal Standard

    The Freedom of Information Act provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under [FOIA] in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). The statute further provides:

> For purposes of this subparagraph, a complainant has substantially prevailed if the complainant has obtained relief through either—
>
> > **(I)** a judicial order, or an enforceable written agreement or consent decree; or
>
> > **(II)** a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial.

5 U.S.C. § 552(a)(4)(E)(ii). If the court determines that a FOIA plaintiff is <u>eligible</u> for an award of attorneys' fees and costs, because it has substantially prevailed on its claim, then the court must ask whether the "plaintiff [is] <u>entitled</u> to an award based on a balancing of equitable factors." Maynard v. CIA, 986 F.2d 547, 568 (1st Cir. 1993) (emphasis added) (citing Crooker v. U.S. Parole Comm'n, 776 F.2d 366, 367 (1st Cir. 1985)).[1]

## II. Background

The facts in this section are drawn from documents previously filed in this case plus a declaration made by IRS Tax Law Specialist Denise Higley and submitted by the IRS in support of its objection to Citizens' motion for attorneys' fees.

---

[1] The relevant equitable "factors include the following: '(1) the benefit to the public, if any, derived from the case; (2) the commercial benefit to the complainant; (3) the nature of the complainant's interest in the records sought; and (4) whether the government's withholding of the records had a reasonable basis in law.'" Maynard, 986 F.2d at 568 n.24 (quoting Aronson v. U.S. Dep't of Housing & Urban Dev., 866 F.2d 1, 3 (1st Cir. 1989); citing Crooker, 776 F.2d at 367).

2

In June of 2014, Citizens made a FOIA request to the IRS, seeking "[a]ny and all documents or records of emails or correspondence to or from New Hampshire Senator . . . Jeanne Shaheen and Congresswoman Carol Shea-Porter . . . to or from [three high-ranking IRS officials] between the dates of January 1, 2009 and May 21, 2013."  Doc. no. 1-1, at 1.  On June 29, the IRS assigned Citizens' request to Higley.

On July 23, Higley directed the agency's FOIA Coordinator for Legislative Affairs, Ross Kiser, to search for documents responsive to Citizens' request.  In a letter dated July 23, Higley informed Citizens that she was "unable to send the information [Citizens] requested by July 23, 2014, which is the 20 business-day period allowed by law."  Doc. no. 1-2, at 1.  In addition, Higley's letter informed Citizens that the IRS had "extended the response date to October 23, 2014, when we believe we can provide a final response."  Id.

On July 28, Kiser sent Higley 30 documents, totaling 96 pages.  Higley reviewed those documents, made proposed redactions, and drafted a cover letter to Citizens.  On August 11, Higley transmitted the documents Kiser had sent her, along with a draft cover letter, to the IRS's Office of Chief Counsel ("OCC").  That material was then placed in queue, behind 27 other requests for review that involved a total of approximately 21,000 pages of responsive documents.

On October 22, three things happened: (1) OCC attorneys provided Higley with suggested changes to her redactions; (2) Higley reviewed those changes and resubmitted the documents for final OCC review; and (3) Higley sent Citizens a letter in which she explained:

> On July 23, 2014, I asked for more time to obtain the records you requested. I am still working on your request and need additional time to collect, process, and review any responsive documents. I will contact you by January 27, 2015, if I am still unable to complete your request.

Doc. no. 1-3, at 1.

Citizens filed this action on October 30, 2014. On November 5, Higley learned of this action from OCC. In accordance with agency policy, Higley closed her file on Citizens' request and transferred the responsive documents to OCC. According to Higley, "[b]ut for the filing of the litigation, [she] would have provided documents to [Citizens] as soon as [she] received final clearance from OCC." Doc. no. 38-1, at 5.

On November 26, the IRS made a disclosure to Citizens. Of the 96 pages of documents that Kiser found and forwarded to Higley, the IRS: (1) withheld 51 pages as exempt, under 5 U.S.C. § 552(b)(3);[2] (2) provided four pages in redacted form, pursuant

---

[2] Section 552(b)(3) exempts from FOIA disclosure "matters that are . . . specifically exempted from disclosure by statute . . . ."

4

to 5 U.S.C. § 552(b)(6);[3] and (3) provided 41 pages in full. Notwithstanding the IRS's disclosure, Citizens did not drop its suit against the IRS.

In December of 2014, the IRS moved for summary judgment, arguing that it had conducted a reasonable and adequate search of its records, and that the information it did not give Citizens was properly withheld pursuant to 5 U.S.C. § 552(b)(3) and 26 U.S.C. § 6103(a).[4] Citizens objected to the IRS's motion for summary judgment and filed a cross-motion for partial summary judgment in which it argued that the IRS improperly withheld records, in violation of FOIA, by: (1) failing to comply with the statutory time limits for disclosure; and (2) failing to conduct a reasonable search. Based upon plaintiff's original complaint and the parties' subsequent pleadings, the court has characterized Citizens' claim this way:

> Citizens has brought a claim against the IRS for violation of FOIA, alleging that the IRS: (1) conducted an inadequate search; (2) unduly delayed its

---

[3] Section 552(b)(6) exempts from FOIA disclosure "matters that are . . . personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

[4] Section 6103(a) is a provision in the Internal Revenue Code that provides that tax "[r]eturns and return information shall be confidential" and shall not be disclosed by government officers or employees, or other persons who have access to such material.

>   disclosure . . .; and (3) unlawfully withheld the 51
>   pages of responsive but purportedly exempt documents.

Doc. no. 30, at 6-7.

In an order dated August 31, 2015, the court ruled on all three parts of Citizens' claim.  First, it denied summary judgment to both parties on Citizens' assertion that the IRS conducted an inadequate search.[5]  Second, it denied summary judgment to Citizens on its assertion that the IRS's response to its FOIA request was untimely.  And third, it granted summary judgment to the IRS on Citizens' assertion that the IRS had improperly withheld 51 pages of records.  Based upon its resolution of the motions before it, the court indicated its intention to schedule a conference with the parties to discuss the next steps in the case.

In September and October of 2015, i.e., after the court issued its order on the parties' cross motions for summary

---

[5] On this issue, the court explained its denial of summary judgment this way:

>   [T]he IRS has not established that it conducted a
>   reasonable search.
>
>   On the other hand, neither has Citizens
>   established that the search was unreasonable. . . .
>
>   Put simply, there exist genuine issues of
>   material fact as to whether the IRS conducted an
>   adequate search, and the record does not entitle
>   either party to summary judgment on this issue.

Doc. no. 30, at 12.

judgment, the IRS conducted a "supplemental search for responsive records." Doc. no. 32-2, at 1. After locating no additional responsive records, the IRS filed a second motion for summary judgment that was supported by a declaration describing its supplemental search. In its motion, it argued that it was not liable for conducting an inadequate search. During a telephone conference, plaintiff indicated that it did "not oppose defendant's motion for summary judgment." Doc. no. 35, at 1. Accordingly, the court granted defendant's motion and further noted that "[t]he only issue remaining in the case [was] whether plaintiff is entitled to recover reasonable attorneys' fees and costs incurred in bringing this action." Id.

### III. Discussion

Citizens argues that the court should grant its request for fees and costs because it has demonstrated that: (1) it substantially prevailed in this action, which establishes its eligibility for an award of fees and costs; and (2) the equities weigh in favor of an award of fees and costs, which establishes its entitlement to such an award. The IRS disagrees, categorically. The court agrees with the IRS that Citizens has not demonstrated that it substantially prevailed in this litigation.

In the absence of "a judicial order, or an enforceable written agreement or consent decree," 5 U.S.C. § 552(a)(4)(E)(i)(I), a FOIA plaintiff seeking to prove that it substantially prevailed "must establish that the filing of the litigation was 'necessary' and 'had a causative effect on the disclosure of the requested information.'" Maynard, 986 F.2d at 568 (quoting Crooker v. U.S. Dep't of Justice, 632 F.2d 916, 932 (1st Cir. 1980); citing Vt. Low Income Advocacy Council, Inc. (VLIAC) v. Usery, 546 F.2d 509, 513 (2d Cir. 1976)).  When a FOIA plaintiff attempts to make the requisite showing, "the government, in opposing the request, must do more than merely deny [the plaintiff's allegations]."  Crooker, 632 F.2d at 922.  Finally, the determination of whether a FOIA plaintiff "has in fact 'substantially prevailed' . . . must be guided by the particular circumstances of each case."  Id.

In its motion for attorneys' fees, Citizens notes that it filed its FOIA request in June of 2014, and then continues:

> The IRS . . . utterly ignored Plaintiff's request for more than five (5) months.  Only after Plaintiff was compelled to file suit, on October 30, 2014—and the IRS could thus no longer disregard Plaintiff's FOIA request—did the Service attempt to comply with its statutory obligations days before an Answer to Plaintiff's Complaint was due.

Doc. no. 36-1, at 1-2 (citations to the record omitted).
Citizens elaborates:

> Plaintiff's lawsuit clearly elicited a voluntary change in the position of the IRS. . . . Only after Citizens filed its lawsuit, and just a few days before the agency's response to the Complaint was due, the IRS conducted a search and produced *some* responsive documents to Plaintiff. . . . Only after this Court denied the IRS's motion for summary judgment, finding that "the IRS has not established that it conducted a reasonable search," did the IRS determine to undertake a more thorough – and reasonable – search for responsive documents.

Id. at 5 (emphasis in the original). In Citizens' view, its status as a prevailing party is demonstrated by two events: (1) the IRS's production of documents, in response to the complaint; and (2) the IRS's decision to conduct a second search for documents, in response to the court's summary judgment order. The court considers each litigation event in turn.

### A. The IRS's Release of Documents

Regarding the question of whether a FOIA suit caused a release of documents, thus making the plaintiff a prevailing party, Judge Gelpi recently explained that

> [t]o determine whether a causal nexis exists between [a requester's] lawsuit and the release of documents, the Court considers whether the [government agency], upon actual notice of the FOIA request, made a good faith effort to identify and process the materials for disclosure.

Vasquez-Gonzalez v. United States, ___ F. Supp. 3d ___, 2016 WL 424993, at *2 (D.P.R. Feb. 3, 2016) (citing Maynard, 986 F.2d at 568, Cox v. U.S. Dep't of Justice, 601 F.2d 1, 6 (D.C. Cir. 1979)). In Vasquez-Gonzalez, Judge Gelpi determined that the

9

plaintiff's suit did not cause the release of documents because "the IRS [had] substantially completed processing Plaintiff's request before he filed this claim." 2016 WL 424993, at *2. The processing in Vasquez-Gonzalez consisted of this:

> Prior to the suit, DS Kinsey worked on Plaintiff's request for at least five days, conducting the document search and updating Plaintiff on the status of his request. DS Elliott also spent six days reviewing and redacting files pertinent to Plaintiff's request. After Plaintiff clarified the scope of the records he requested, the IRS promptly compiled and reviewed the documents and submitted them to him shortly after.

Id.

Here, the IRS has produced evidence that before Citizens filed suit on October 30, 2014: (1) Higley directed Kiser to search for documents responsive to Citizens' request (on July 23); (2) Kiser sent Higley 30 documents (on July 28); (3) Higley reviewed those documents and sent proposed redactions and a draft cover letter to OCC (on August 11); (4) OCC attorneys provided Higley with suggested changes to her redactions (on October 22); and (5) Higley reviewed those changes and resubmitted the documents to OCC for final review (on October 22). Thus, the IRS had substantially completed its processing of Citizens' request before Citizens filed suit. That demonstrates that Citizens' suit did not have a causative effect on the IRS's disclosure. See Am. Bird Conservancy v. U.S. Fish & Wildlife Serv., 110 F. Supp. 3d 655, 665-66 (E.D. Va. 2015)

10

(chronicling agency's pre-suit processing of plaintiff's FOIA request, which vitiated claim that lawsuit caused disclosure); Calypso Cargo Ltd. v. U.S. Coast Guard, 850 F. Supp. 2d 1, 4-6 (D.D.C. 2011) (same).

To be sure, the IRS released information to Citizens approximately one month after Citizens filed suit. But that "chronology, by itself . . . is not determinative." Maynard, 986 F.2d at 568 (citing Cazalas v. U.S. Dep't of Justice, 660 F.2d 612, 619 (5th Cir. 1981) ("[T]he mere fact that the documents requested were not released until after the suit was instituted, without more, is not enough to establish that a complainant has substantially prevailed."); Cox, 601 F.2d at 6 (same)). As Judge Urbina explained in a decision upon which Citizens relies:

> The key question . . . is whether "the institution and prosecution of the litigation cause[d] the agency to release the documents obtained during the pendency of the litigation." Church of Scientology of Cal. v. Harris, 653 F.2d 584, 587 (D.C. Cir. 1981). Although "the mere filing of the complaint and the subsequent release of documents is insufficient to establish causation," Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1496 (D.C. Cir. 1984), "it is certainly a salient factor" in the analysis, Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec., [Civ. Action No. 08-2133 EGS/DAR,] 2009 WL 1743757, at *3 (D.D.C. [June 15,] 2009).

Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec., 811 F. Supp. 2d 216, 232 (D.D.C. 2011).

While Citizens relies upon Electronic Privacy for the proposition that the timing of the IRS's release supports a favorable ruling on the question of causation, there is a significant distinction between that case and this one. Specifically, like the agencies in Vasquez-Gonzalez, American Bird, and Calypso Cargo, the IRS has documented the steps it took to respond to the FOIA request presented to it, but, in contrast, the agency in Electronic Privacy did "not claim to have conducted any substantive searches for records prior to the commencement of litigation." 811 F. Supp. 2d at 233. That distinction makes all the difference because a demonstration of pre-suit processing of a FOIA claim is persuasive evidence that the requester's suit did not cause the agency's subsequent disclosure. Here, by producing evidence of the actions it took in response to Citizens' request, before Citizens filed suit, the IRS has demonstrated that Citizens' suit did not cause it to release the documents it provided Citizens. That means that the IRS's release of information did not make Citizens a prevailing party for purposes of 5 U.S.C. § 552(a)(4)(E)(ii).

B. The IRS's Supplemental Search

Citizens also argues that it substantially prevailed because this suit prompted the IRS to undertake a supplemental

12

search for responsive records. Citizens frames its argument this way:

> The IRS's belated compliance with its obligations under the law would not have occurred but for Plaintiff's initiation of the lawsuit. Put another way, Plaintiff would not have received the adequate search for documents to which it was entitled under FOIA but for Plaintiff's lawsuit – a fact the court deemed persuasive in Church of Scientology, 653 F.2d at 588.

Doc. no. 39, at 6. The court is not persuaded.

To begin, notwithstanding its citation of Church of Scientology, which the court addresses below, Citizens identifies no authority for the proposition that the IRS's performance of a supplemental search for responsive records made it a prevailing party. Moreover, in Mobley v. Department of Homeland Security, 908 F. Supp. 2d 42 (D.D.C. 2012), Judge Howell reached a conclusion unfavorable to Citizens' position when he was presented with an argument similar to the one Citizens advances here. In Mobley,

> the primary question presented [was] whether a FOIA plaintiff has "substantially prevailed" when the plaintiff sought, but never received, any records responsive to its request, but the plaintiff's lawsuit nevertheless succeeded in causing the defendant to process a request that the agency had previously refused to process.

Id. at 44.

Judge Howell did not "agree with the plaintiffs' novel interpretation of the term 'substantially prevailed.'" Mobley,

908 F. Supp. 2d at 47. He began by noting "that the D.C. Circuit has interpreted the term 'substantially prevailed' rather narrowly to require that a FOIA plaintiff relying on the catalyst theory must receive records responsive to its request in order for that plaintiff to have 'substantially prevailed.'" Id. (citing Brayton v. Office of U.S. Trade Rep., 641 F.3d 521, 524-25 (D.C. Cir. 2011); Davis v. U.S. Dep't of Justice, 610 F.3d 750, 752 (D.C. Cir. 2010)). Then, even after acknowledging that "[t]he language of the statute itself . . . suggests that a broader conception of substantially prevailing is possible when a plaintiff relies on the catalyst theory," Mobley, 908 F. Supp. 2d at 47, Judge Howell concluded that "the fact that the plaintiffs received no documents, despite the fact that the defendant processed their request, militates against a conclusion that the plaintiffs substantially prevailed." Id. at 48.

Like the search in Mobley, the IRS's supplemental search in this case resulted in the identification of no responsive documents, which militates against a conclusion that the IRS's initiation of that search made Citizens a substantially prevailing party. Moreover, the reasoning of Mobley applies with even greater force here, where the search on which Citizens relies for its claim to prevailing party status was not an initial search that the IRS had previously refused to undertake

14

but, rather, a second search, supplemental to the one the IRS had started, and nearly completed, before Citizens ever filed suit.[6]  In sum, because the IRS's supplemental search did not result in the production of any records beyond those identified by its initial search, the mere fact that the IRS conducted the supplemental search does not make Citizens a prevailing party for purposes of 5 U.S.C. § 552(a)(4)(E)(ii).

Church of Scientology, on which Citizens relies for the proposition that it is a prevailing party because it filed a lawsuit that resulted in an adequate search for documents, does not compel, or even support, a contrary conclusion.  In that case, the D.C. Circuit explained, consistent with the First Circuit's decision in Maynard, that the key question for determining whether a FOIA plaintiff has substantially prevailed is this: "[D]id the institution and prosecution of the litigation cause the agency to release documents obtained during the pendency of the litigation." Church of Scientology, 653 F.2d at 587 (emphasis added).  The court continued:

> [T]he party seeking such fees in the absence of a court order must show that prosecution of the action could reasonably be regarded as necessary to obtain the information.  Vermont Low Income Advocacy Council, Inc. v. Usery, supra at 513, and that a causal nexus

---

[6] It is also worth noting that the court's summary judgment order reached no conclusion on the adequacy of the IRS's first search, which undermines Citizen's suggestion that the supplemental search was a remedy for a previous inadequate search.

> exists between that action and the agency's surrender of the information, Cuneo v. Rumsfeld, . . . 553 F.2d (1360) at 1366 [(D.C. Cir. 1977)].

653 F.2d at 588 (quoting Cox, 601 F.2d at 6). Thus, in Church of Scientology, as in Maynard, the focus is on whether the lawsuit results in the production of information, not merely a search for information. And in Church of Scientology, the lawsuit prompted a rather sizeable disclosure:

> Throughout the administrative processing of Scientology's FOIA request, HEW maintained that only three card references and three documents fell within the scope of the request. After Scientology filed suit and began discovery, HEW disclosed that over 200 responsive documents existed in the files of the General Counsel, and during the course of the litigation released approximately two-thirds of those documents.

653 F.2d at 588.

In short, Church of Scientology does not stand for the proposition that a FOIA plaintiff prevails when its lawsuit has a causative effect on the implementation of an unproductive search for responsive documents, which is all that Citizens' suit prompted. Thus, Citizens' reliance upon Church of Scientology is misplaced.

### C. Summary

Neither the IRS's disclosure of information after Citizens filed suit, nor its supplemental search for information after

the court ruled on the parties' cross motions for summary judgment, made Citizens a prevailing party for purposes of 5 U.S.C. § 552(a)(4)(E)(ii). Because Citizens is not a prevailing party, it is not eligible for an award of attorneys' fees and costs. Because Citizens is not eligible for an award of fees and costs, the court need not address the question of whether Citizens would be entitled to such an award, under the equities described in Maynard.

### IV. Conclusion

For the reasons described above, plaintiff's motion for attorneys' fees, document no. 36, is denied. The clerk of the court shall enter judgment in accordance with document no. 30, document no. 35, and this order, and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 20, 2016

cc:  David A. French, Esq.
     Carly F. Gammill, Esq.
     Yonatan Gelblum, Esq.
     Bryan K. Gould, Esq.
     Francis J. Manion, Esq.
     Stephanie A. Sasarak, Esq.
     Jay Alan Sekulow, Esq.
     Abigail A. Southerland, Esq.
     Michelle K. Terry, Esq.

17